**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | | |
|---|---|---|
| **POPULAR ENTERPRISES, LLC,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 3:03-CV-565** |
| | ) | **(Phillips)** |
| **WEBCOM MEDIA GROUP, INC.,** | ) | |
| **Defendant** | ) | |

## <u>MEMORANDUM AND ORDER</u>

This is an action for injunctive relief and damages for trademark infringement, unfair competition, and dilution arising under the Lanham Act, 15 U.S.C. §§ 114, 1125. Plaintiff alleges that defendant Webcom is infringing upon and diluting its NETSTER trademark by directing web users to numerous pornographic web sites. Plaintiff moves the court, pursuant to Rule 4(f)(3) of the Federal Rules of Civil Procedure, for permission to serve defendant by e-mail.

This appears to be a matter of first impression in the Sixth Circuit to the extent that the motion seeks an order authorizing service by e-mail. Federal Rule of Civil Procedure 4(f)(3) allows for service of process to be made on an individual in a foreign country "by . . . means not prohibited by international agreement as may be directed by the court." By its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text.

Case 3:03-cv-00565     Document 32     Filed 11/16/04     Page 1 of 6     PageID #: 168

Even if facially permitted by Rule 4(f)(3), a method of service of process must also comport with constitutional notions of due process. To meet this requirement, the method of service crafted by the district court must be "reasonably calculated, under all the circumstances, to apprize interested parties of the pendency of the action and afford them an opportunity to present their objections. *Mullane v. Cent. Hanover Bank & Trust Co.,* 399 U.S. 306, 314 (1950).

Applying Rule 4(f)(3) and its predecessor, trial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, e-mail. *See SEC v. Tome,* 833 F.2d 1086, 1094 (2nd Cir. 1987) (publication); *Smith v. Islamic Emirate,* 2001 WL 1658211 (S.D.N.Y. Dec. 26, 2001) (publication); *Levin v. Ruby Trading Corp.,* 248 F.Supp. 537, 541-44 (S.D.N.Y. 1965) (ordinary mail); *International Controls Corp. v. Vesco,* 593 F.2d 166, 176-78 (2nd Cir. 1979) (mail to last known address); *Forum Fin. Group LLC v. President & Fellows,* 199 F.R.D. 22, 23-24 (D.Me. 2001) (service to defendant's attorney); *New Eng. Merchs. Nat'l Bank v. Iran Power Generation & Transmission Co.,* 495 F.SUPP. 73, 80 (S.D.N.Y. 1980) (telex); *Broadfoot v. Diaz,* 245 B.R. 713, 719-20 (N.D.Ga. 2000) (e-mail).

The Ninth Circuit has approved a district court's choice of e-mail as the means of effecting service on a foreign company. *Rio Properties, Inc., v. Rio International Interlink,* 284 F.3d 1007 (9th Cir. 2002). In *Rio,* the Ninth Circuit concluded that e-mail

-2-

service was appropriate because, after diligent investigation by the plaintiffs, it appeared that e-mail was the only method of contacting the defendant and because the court concluded that e-mail was reasonably calculated to apprize the defendant of the pending suit. *Id.* Notably, the plaintiff in *Rio* first attempted to serve the defendant in the United States via the address used to register the defendant's domain name and through the defendant's lawyer. *Id.* at 1013. When that failed, the plaintiff made a diligent search for the defendant in the defendant's native country. *Id.* It was only after all these efforts failed that the plaintiff asked the district court to allow e-mail service.

In this case, plaintiff filed suit on October 30, 2003. On October 30, plaintiff attempted to notify defendant of the complaint and the motion for a temporary restraining order via e-mail to the e-mail address ([webcomMG@hotmail.com)](webcomMG@hotmail.com) Supplied by defendant to its domain name registrar. This e-mail attempt bounced back. On October 31, this court sent the complaint and summons to defendant via certified mail to the address supplied by defendant to its domain name registrar.

On November 7, 2003, this court's temporary restraining order was sent to defendant via overnight delivery to the address supplied by defendant to its domain name registrar. The package was not deliverable because the address provided by defendant was an "incorrect address." Also, on November 7, the temporary restraining order was sent to defendant via e-mail to the address supplied by defendant to its domain name registrar. On November 12, the restraining order was sent to defendant via e-mail to the address

-3-

supplied by defendant to its domain name registrar. The message could not be delivered to the address provided by defendant. On November 14, the preliminary injunction was sent to defendant via certified mail and overnight delivery to both of the addresses supplied by defendant to its domain name registrar. These attempts were again unsuccessful because of improper addresses provided by defendant. Also, on November 14, the preliminary injunction was sent to defendant via e-mail to the e-mail address supplied by defendant to its domain name registrar. This e-mail did not bounce back and presumably reached defendant. On November 17, the preliminary injunction was again sent to defendant via e-mail to the e-mail address supplied by defendant to its domain name registrar. This e-mail did not bounce back and presumably reached defendant.

On December 30, 2003, a copy of the complaint and summons was sent via Federal Express to defendant to the address supplied by defendant to its domain name registrar. The package was not deliverable because the address provided by defendant was an "incorrect address."

On January 9, 2004, a copy of the complaint, summons, and preliminary injunction was sent via e-mail to webcommg@hotmail.com and administration@eboomsa.com, both of which were supplied by defendant to its domain name registrar. The e-mail to webcommg@hotmail.com was undeliverable and bounced back. The e-mail to administration@eboomsa.com, did not bounce back and presumably reached defendant. On January 22, this court granted plaintiff's motion for judicial

-4-

assistance and forwarded a request for service to the Portuguese Ministerio de Justica, as required by the Hague Convention [Doc. 22]. The Portuguese Ministerio de Justica was unable to effect service because it did not have a valid mailing address.

On March 19, 2004, a copy of the complaint, summons, and preliminary injunction (in Portuguese) was sent via e-mail to administration@eboomsa.com,, the e-mail address defendant provided to its domain name registrar. This e-mail did not bounce back and presumably reached defendant.

Plaintiff attempted service pursuant to the Hague Convention. This attempt was unsuccessful because defendant has not disclosed a proper mailing address. Since defendant's address is not known, the Hague Convention does not apply.[1] Plaintiff's attempts by mail and courier were also unsuccessful because defendant's real address is not known. However, e-mail sent to defendant's administration@eboomsa.com, e-mail address did not bounce back. Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts. *Broadfoot,* 245 B.R. at 720. Although communication via e-mail and over the

---

[1] *See* Hauge Convention, Article 1. ("This convention shall not apply where the address of the person to be served with the document is not known.").

-5-

internet is comparatively new, such communication has been zealously embraced within the business community.

Accordingly, the court concludes that, under the facts in this action, service upon defendant by e-mail is fully authorized by Federal Rule of Civil Procedure 4(f)(3). Indeed, it is the method of service most likely to reach defendant. Service of process by e-mail is reasonably calculated to apprize defendant of the pendency of this action and afford it an opportunity to respond. As stated by the Ninth Circuit Court of Appeals, "when faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process." *Rio,* 284 F.3d at1018. Such is the case here.

For the reasons stated above, plaintiff's motion to permit service on defendant via e-mail [Doc. 26] is **GRANTED.**

**IT IS SO ORDERED**.

ENTER:

s/ Thomas W. Phillips
United States District Judge

-6-