UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| POPULAR ENTERPRISES, LLC, ) <br> a Florida corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WEBCOM MEDIA GROUP, INC., ) <br> ) <br> Defendant. ) | No. 3:03-CV-565 <br> (Phillips/Guyton) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. §636(b), the Rules of this Court, and by Order [Doc. 42] of the Honorable Thomas W. Phillips, United States District Judge, for a report and recommendation on the Plaintiff's Motion for Attorneys' Fees [Doc. 40]. For the reasons set forth below, the undersigned **RECOMMENDS** that the Plaintiff Popular Enterprises, LLC, be awarded **$141,030.60** in attorney's fees and costs.

On May 16, 2005, the Court entered a default judgment against the defendant Webcom Media Group, Inc., finding: (1) that the defendant was served properly with the summons and complaint in this matter; (2) that the defendant failed to plead or otherwise defend in this action; (3) that a default was entered on February 9, 2005; (4) that the plaintiff has established that the defendant committed trademark infringement, unfair competition, and dilution; and (5) that the plaintiff has established that it is entitled to a permanent injunction against the defendant. [Doc. 39]. The Court further found that the plaintiff had established that the defendant's conduct was willful and intentional and that this case is an "exceptional" case under Section 35 of the Lanham Act,

thereby entitling the plaintiff to an award of costs and reasonable attorney's fees. [Id.]. Thereafter, the plaintiff submitted the present motion for attorney's fees [Doc. 41], along with the Declaration of Brett A. August [Doc. 41 Ex. 1], which sets forth plaintiff's fees and expenditures in detail. There has been no opposition filed to this motion.

Under section 35 of the Lanham Act, the prevailing party may recover its reasonable attorney's fees in "exceptional cases." 15 U.S.C. § 1117(a). An award of attorney's fees pursuant to this provision is a matter of discretion for the Court. See Kellogg Co. v. Toucan Golf, Inc., 337 F.3d 616, 629 (6th Cir. 2003). The undersigned has reviewed August's Declaration and finds the award for fees and costs sought by the plaintiff to be reasonable. In that the Court has found that this case is "exceptional, it is **RECOMMENDED**[1] that the Plaintiff's Motion for Attorney Fees [Doc. 40] be **GRANTED** and that the plaintiff be awarded of total of **$141,030.60** in attorney's fees and costs.

Respectfully submitted,

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).